**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIACI LIU,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN, Otay Mesa Detention Center,<br><br>    Respondent. | Case No.: 3:26-cv-01188-BTM-DEB<br><br>**ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Jiaci Liu has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After reviewing the petition, the Court concludes that it must be dismissed.

"A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254." *Lainez Flores v. Warden*, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) (citing Rules Governing Section 2254 Cases in the United States District Courts R. 1(b) (2019) [hereinafter Habeas Rules]). Under these screening requirements, a habeas petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

26-cv-1188

Habeas Rules 2(c). A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But pro se litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). If it "plainly appears from the petition" that the requirements were not met, the Court "must dismiss the petition." Habeas Rules 4. The dismissal does not bar the petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

Here, Liu does not allege facts that support grounds for relief. His petition states that he was detained on January 10, 2026. (ECF No. 1 ("Pet."), at 1.) He argues that his detention "violates the Due Process Clause of the Fifth Amendment to the United States Constitution." (*Id.*) Yet Liu does not provide facts regarding his immigration status, why he is detained, whether he is in removal proceedings, how long he has resided in the country, when and where he entered the United States, whether he was granted parole which was revoked—and if so, whether he was given a reason for the revocation and an opportunity to rebut the reason for revocation—or whether he is subject to mandatory detention by the Respondents. (*See generally* Pet.) He also provides no information about the criminal conviction he states that he has. Without these facts, the Court cannot determine whether Liu is entitled to habeas relief.

//

//

//

//

//

//

//

2

26-cv-1188

Because Liu's petition has not met the screening requirements for a habeas petition, his petition is **DISMISSED** without prejudice.  The Court grants Liu leave to amend his petition within forty-six (46) days.  If Liu fails to amend his petition by **April 16, 2026**, a final judgment of dismissal will be entered.

**IT IS SO ORDERED.**

Dated:  March 2, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-1188